DOUGLAS TUCKER  172550
HENRY Y. CHIU  222927
KIMBLE, MacMICHAEL & UPTON
A Professional Corporation
5260 North Palm, Suite 221
Fresno, California  93704
Telephone:  (559) 435-5500

Attorneys for Defendant,
CAVALRY INVESTMENTS, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

* * *

| | |
|---|---|
| JEFF REICH, individually and doing business as THE REICH LAW FIRM, <br><br>Plaintiff,<br><br>v.<br><br>CAVALRY INVESTMENTS, LLC,<br><br>Defendant. | Case No. CIV. F-04-5546 REC DLB<br><br>**STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS** |

In recognition that the parties, and third-party witnesses, may possess confidential and/or proprietary information that may be necessary or desirable to reveal to other parties during discovery and trial of the present action, and that a protective order of the above captioned Court is desirable to protect such information in accordance with local, state and federal privacy laws, and from disclosure to competitors and to the general public,

IT IS HEREBY STIPULATED BY THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THIS COURT, that the parties and their counsel shall follow the following procedures concerning the documents, testimonies, written discovery responses and other information provided in the course of pretrial discovery, and any information contained therein or derived therefrom:

///

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

1

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS

PDF created with pdfFactory trial version www.pdffactory.com

# I
# **DEFINITIONS**

A.  The phrase "Financial Information" shall mean all information concerning the assets and liabilities of any third-party person or entity vis-à-vis any other person or entity, collected and maintained in an accessible form, including, but not limited to: personal and real properties; debts and other obligations; credit scores; the existence, identification and amounts of any checking, savings, retirement and other money accounts; and any other information that the disclosing party has an obligation to protect from unrestricted disclosure under any federal or state law.

B.  The phrase "Personally Identifiable Information" mean all individually identifiable information concerning any third-party person or entity collected and maintained in an accessible form, including, but not limited to: first, last and maiden names; physical and e-mail addresses; telephone and facsimile numbers; social security numbers, or any other federal or state identification numbers; other identifiers that permit the contacting or specific identification of an individual or entity; and any other information that the disclosing party has an obligation to protect from unrestricted disclosure under any federal or state law.

C.  The phrase "Proprietary Information" shall be defined herein as any information that: (a) is not known by actual or potential competitors of the disclosing party, or is generally unavailable to the public; (b) has been created, discovered, developed, or otherwise become known to the disclosing, or in which property rights have been assigned or otherwise conveyed to the disclosing; and (c) has material economic value or potential material economic value to the disclosing party's present or future business. It shall include trade secrets (as defined under California Civil Code section 3426.1) and all other discoveries, developments, improvements, inventions, formulas, software programs, processes, data, research, techniques, customer and supplier lists, and any modifications or enhancements of any of the foregoing, which has actual or potential economic value to the disclosing party. It shall not include any information that: (a) is, at the time of disclosure, in the public domain by publication or otherwise; (b) becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

**STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS**

PDF created with pdfFactory trial version www.pdffactory.com

by publication or otherwise; (c) is already in the possession of a party at the time of disclosure by the other party, and was not acquired directly or indirectly from the disclosing party; or (d) is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

  D. The phrase "Subject Information" shall collectively include Financial Information, Personally Identifiable Information and Proprietary Information, as each phrase is individually defined above.

## II

## USE AND PROTECTION OF THE SUBJECT INFORMATION

  1. The parties shall not be required to specifically designate documents or information as being or comprising Personally Identifiable and/or Financial Information. The parties shall specifically designate any Proprietary Information as being "Proprietary" or "Confidential."

  2. The parties agree that access to the Subject Information shall be for the duration of the present action only, and limited to the following persons:

    a. outside attorneys of record for the parties, and associates, paralegals, secretaries and other persons regularly employed by said attorneys;

    b. in-house counsel and designated representatives of each party;

    c. any deponent in the present action, but only to the extent disclosure is reasonably believed, in good faith, to be necessary for the deponent may understand the deposition questions and context;

    d. experts retained by the parties;

    e. any court reporter reporting a deposition; and

    f. the Court, if such information is filed or lodged pursuant to this Stipulation and Order.

  3. All persons identified in Paragraph 2(b)–(e) who are to be given access to the Subject Information in the course of this action shall be required to first read this Stipulation and Order, and execute the Acknowledgment attached hereto as Exhibit A. Copies of all such

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

3

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS

PDF created with pdfFactory trial version www.pdffactory.com

1 Acknowledgments shall be retained by the party allowing access to the Subject Information. Said
2 Acknowledgments shall be protected under the work product doctrine unless the Court suspects
3 that any of the Subject Information has been disclosed to a person or entity not bound by this
4 Stipulation and Order. In such an event, the Court shall conduct an in-camera review of all
5 Acknowledgments. If the Court finds that it is probable that a person or entity bound by an
6 Acknowledgment disclosed any information protected under this Stipulation and Order, the
7 Court shall order that/those Acknowledgment(s) to be immediately discoverable.

8     4.    The parties shall not use or reveal, directly or indirectly, any information in
9 violation of this Stipulation and Order. The Court may make any order against a signatory to this
10 Stipulation and Order, or any Acknowledgment, that the Court deems appropriate to compel
11 compliance with its Order, in addition to any injunctive relief available to the parties. Nothing in
12 this Stipulation and Order is intended to abridge or limit any remedy or recovery of damages that
13 a party may be entitled to bringing an action to enjoin a violation of this Stipulation and Order, to
14 compel compliance herewith, and/or to recover damages arising from any violation or non-
15 compliance.

16     5.    If the Subject Information is disclosed to any persons in the manner inconsistent
17 with, or unauthorized by, this Stipulation and Order, the person or party responsible for such
18 disclosure must immediately inform the other party of all pertinent facts concerning such
19 disclosure, and, without prejudice to other rights and remedies of any party, make every
20 reasonable effort to prevent further such disclosure. In addition, the responsible person or party
21 shall defend and indemnify the original producing party (the party producing such Subject
22 Information pursuant to this Stipulation and Order) from any and all claims asserted against said
23 producing party by the persons or entities that are the subject of the Personally Identifiable
24 Information or Financial Information, or by any licensors or owners of the Proprietary
25 Information. Sanctions for inadvertent or intentional disclosure of the Subject Information shall
26 be determined by the Court, after opportunity for briefing and argument by the affected parties.

27 ///

28 ///

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

4
STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS

PDF created with pdfFactory trial version www.pdffactory.com

# III

## DISPUTES CONCERNING DESIGNATION OF THE SUBJECT INFORMATION

6. In the event any party disputes the designation of any documents or information as being protected Financial Information, Personally Identifiable Information or Proprietary Information, the parties shall make a reasonable and good-faith attempt to meet and confer regarding such designation. If the dispute cannot be resolved informally, the recipient party shall refrain from disclosing such information until the producing party has an opportunity to obtain a protective order from the Court, provided that: (a) the motion for such protective order be filed within ten (10) days from the date that the recipient party informs the disclosing party in writing of the non-resolution; and (b) the hearing upon such motion is scheduled as soon as possible.

# IV

## DISPOSITION OF THE SUBJECT INFORMATION

7. The Subject Information disclosed herein shall be used solely for the purposes of this present action, and not for any other purpose or action.

8. Within sixty (60) days after the final disposition of the present action, whether through final judgment or otherwise (including all appeals), all persons and entities authorized by this Stipulation and Order to receive any Subject Information shall return all originals, copies and any other writing containing or referring to any Subject Information, except that the attorneys of record (who are not in-house counsel) shall be entitled to retain pleadings, memoranda, declarations or affidavits, written responses to discovery requests, responses to requests for admission, or deposition transcripts to the extent necessary to preserve a litigation file, which contents shall be disclosed only in accordance with this Stipulation and Order. The parties shall also be responsible for obtaining originals and all copies of the Subject Information provided by them to any and all persons identified in Paragraph 3(c)–(g) and returning all originals to the producing party. As an alternative to returning the Subject Information, the persons and entities who received such material may destroy, by shredding or incineration, all originals and copies of such material.

///

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

5

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS

PDF created with pdfFactory trial version www.pdffactory.com

1  9. Each person or entity shall thereafter provide a signed declaration to the party
2  who produced the Subject Information, identifying with reasonable particularity all such
3  material, and declaring, under penalty of perjury, that all such originals and copies were
4  destroyed by shredding or incineration or were returned to the producing party.

5  10. Return or destruction of any Subject Information upon the termination of the
6  present action does not waive the parties and/or their attorneys' rights or abilities to retrieve
7  copies of such documents from the producing party for the purposes of defending actions that
8  arise from this lawsuit. The producing party of any Subject Information shall maintain these
9  documents in its files for three (3) years after the termination of this action so that retrieval of
10 these documents can be completed in a timely manner. The requesting party must reimburse the
11 producing party for reasonable expenses incurred in the retrieval of such documents. The terms
12 of this Stipulation and Order will apply to any and all documents retrieved after the termination
13 of these actions pursuant to the terms of this Paragraph.

## V

## **ADDITIONAL TERMS**

16 11. Nothing contained in this Stipulation and Order shall prejudice any party's right
17 to use the Subject Information before this Court. However, before doing so, to the extent not
18 otherwise authorized herein, the party intending to use the Subject Information shall so inform
19 the producing party of such intended use, and the producing party may apply to the Court for
20 appropriate protection, including clearing the hearing room or courtroom of persons not entitled
21 to receive such information.

22 12. Nothing in this Stipulation and Order shall affect the admissibility of any Subject
23 Information into evidence, or abridge the rights of any party to seek judicial review or to pursue
24 other appropriate judicial action with respect to any ruling made by the Court concerning the
25 status of any Subject Information. However, any party may apply to the Court for appropriate
26 protection of such information.

27 13. Nothing contained in this Stipulation and Order shall bar or otherwise restrict the
28 right of any counsel involved in this action from advising their client with respect to this action,

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

6

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS

PDF created with pdfFactory trial version www.pdffactory.com

1  doing anything necessary to prosecute or defend this action, or furthering the interests of their
2  clients, provided that, absent an Order of this Court or consent of the disclosing party, no
3  attorney may disclose any Subject Information in violation of this Stipulation and Order.

4      14.    The parties recognize and acknowledge that the nature of this action, and of some
5  of the confidential information that may be sought, are so sensitive that a party may believe that
6  even this protective order may not provide sufficient protection. In such an event, this Stipulation
7  and Order shall not be deemed consent or an admission that such information should be
8  disclosed, and such party may resist disclosure of such information until the matter has been
9  heard by the Court.

10      15.    This Stipulation and Order is intended to provide a mechanism for handling the
11  disclosure of Subject Information to which there is no objection other than confidentiality. This
12  Stipulation and Order shall not prejudice the right of a party to: (a) object to a request for
13  discovery on any ground; (b) object to the introduction of any information or documents into
14  evidence; (c) seek additional protections for any such information or documents; (d) object to the
15  designation of any document or information as being "proprietary" or "confidential"; or (e) seek
16  any modification of or relief from any provision of this Stipulation and Order.

17      16.    Nothing in this Stipulation and Order shall be construed to restrict the signatories
18  to this Stipulation and Order from sharing the Subject Information with other signatories to this
19  Stipulation and Order.

20      17.    This Stipulation and Order may be amended without leave of Court by the written
21  agreement of counsel for the parties bound by this Stipulation and Order, and any third parties
22  likewise bound, in the form of a stipulation, which shall be filed in this case; provided however,
23  that any such amendment shall not impose any additional burdens on the Court. This Stipulation
24  and Order is intended to regulate the handling of confidential information and documents during
25  the entirety of this litigation through appeal, and thereafter, and shall remain in full force and
26  effect until modified, superseded or terminated on the record by agreement of the Parties to this
27  litigation and any pertinent third parties, or by order of the Court.

28  ///

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

7

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS

PDF created with pdfFactory trial version www.pdffactory.com

18. The terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this lawsuit, and the Court shall retain jurisdiction over the parties, their attorneys, and all other persons to the Subject Information have been disclosed for the purpose of enforcing the terms of this Stipulation and Order or redressing any violation thereof.

Dated: February  22 , 2006.          KIMBLE, MacMICHAEL & UPTON
                                     A Professional Corporation


                                     By:  /s/ Douglas Tucker
                                          DOUGLAS TUCKER
                                          Attorney for Defendant,
                                          CAVALRY INVESTMENTS, LLC


Dated: February 15 , 2006.           ORNWELL & SAMPLE LLP


                                     By:  /s/ Stephen R. Cornwell
                                          STEPHEN R. CORNWELL
                                          Attorney for Plaintiff,
                                          JEFF REICH, individually and doing
                                          business as THE REICH LAW FIRM,


**ORDER**

IT IS SO ORDERED.

Dated: _____, 2006.

_____
JUDGE OF THE DISTRICT COURT

LAW OFFICES
Kimble, MacMichael & Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

8
**STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS**

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

\* \* \*

| | |
|---|---|
| JEFF REICH, individually and doing business as THE REICH LAW FIRM, ) ) ) | Case No. CIV. F-04-5546 REC DLB |
| Plaintiff, ) | **AFFIDAVIT OF:** |
| v. ) | |
| CAVALRY INVESTMENTS, LLC, ) ) | _____ |
| Defendants. ) | |

I have received and reviewed a copy of the Stipulation and Protective Order Concerning Production of Confidential Documents executed between the parties in the above-entitled action.

I understand that the above-entitled action involves the disclosure of certain business records, trade secrets, financial data, proprietary information and other confidential information (collectively referred to herein as "the Subject Information") for which the Court has issued the above-mentioned Protective Order to protect against any unauthorized disclosure.

I also understand that the attorneys and their staff for the parties who have signed the above-mentioned Protective Order are authorized to receive and disseminate the Subject Information in accordance with the provisions of the Stipulation and Protective Order.

I agree to comply with all provisions of the Stipulation and Protective Order that are applicable to me, specifically:

(1) I will use the Subject Information solely for the purposes of this litigation;

(2) I will hold in confidence and not disclose to anyone not qualified or designated under the Stipulation and Protective Order the Subject Information, or any words, summaries, abstracts, or indices of the Subject Information;

(3) If it is necessary for me to disclose the Subject Information to any partner, associate, clerical personnel or assistant in order to accomplish the objectives for which I have been given the

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

1

**STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS**
**EXHIBIT A**

PDF created with pdfFactory trial version www.pdffactory.com

LAW OFFICES
Kimble, MacMichael
& Upton
A Professional Corporation
5260 North Palm Avenue
Suite 221
P. O. Box 9489
Fresno, CA 93792-9489

Subject Information, I will request that such person sign an affidavit similar to this one and provide the counsel for whom my services have been engaged the signed affidavit at least five (5) days prior to when such disclosure would be necessary. I will not disclose the Subject Information to that person until authorized to do so by the counsel for whom my services have been engaged; and

(4)   I will return all of the Subject Information, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to the counsel for whom my services have been engaged once the present action is concluded.

Dated: _____February 27, 2006_____

Signed: _/s/ ROBERT E. COYLE

2

**Stipulation and Protective Order Concerning Production of Confidential Documents**
**Exhibit A**

PDF created with pdfFactory trial version www.pdffactory.com