# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF REICH, individually and dba The Reich Law Firm, <br><br> Plaintiff, <br><br> v. <br><br> CALVERY INVESTMENTS, LLC, <br><br> Defendant. | ) 1:04cv05546 DLB <br> ) <br> ) <br> ) ORDER GRANTING DEFENDANT'S <br> ) MOTION TO STRIKE <br> ) <br> ) (Document 46) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Defendant Calvery Investment, LLC ("Defendant"), filed the instant motion to strike portions of Plaintiff's Third Amended Complaint on January 4, 2007. The matter was heard on March 9, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Judith Rodriguez appeared on behalf of Plaintiff Jeff Reich, individually and dba The Reich Law Firm ("Plaintiff"). Douglas Tucker appeared on behalf of Defendant.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on April 8, 2004, to recover money he contends is owed to him by Defendant for services rendered. He filed an amended complaint on April 22, 2004, and a Second Amended Complaint ("SAC") on August 20, 2004.

On January 20, 2005, the Court granted Defendant's motion to dismiss and strike portions of the SAC. As is relevant to this motion, the Court granted the motion to strike the allegations

1

1  for interest in the causes of action for accounting and quantum meruit, holding that interest is not
2  recoverable on unliquidated claims.
3      On December 15, 2006, pursuant to the parties' stipulation, Plaintiff filed a Third
4  Amended Complaint ("TAC").
5      According to the TAC, Defendant is a business that purchases delinquent accounts from
6  credit companies such as Visa, Mastercard and Bank Americard.  Defendant then allocates the
7  accounts to attorneys with whom it has contracted to collect on those accounts.
8      On April 30, 1999, Plaintiff and Defendant entered into a written agreement under which
9  Plaintiff was to provide legal collection services to recover on Defendant's unpaid accounts.
10 Pursuant to the terms of the agreement, Plaintiff was to receive a twenty percent contingency fee
11 on all funds collected from the accounts.  The agreement was amended on January 31, 2000, so
12 that Plaintiff would also receive any award of attorney fees.
13     Plaintiff alleges that he made substantial commitments and incurred substantial costs and
14 liabilities in order to provide service to Defendant.  Plaintiff worked on numerous delinquent
15 accounts and collected on many of them.  According to Plaintiff, Defendant terminated his
16 services after a "falling out."  Plaintiff maintains that Defendant did not have good cause to
17 terminate the contract.
18     The TAC alleges two causes of action.  The first claim for relief is a claim for quantum
19 meruit, and was alleged in the SAC.  Plaintiff alleges that he performed services to Defendant for
20 which Defendant agreed to provide compensation.  He seeks recovery of the fair and reasonable
21 value of the services provided, a sum of more than "$500,000 plus interest on any actual
22 collection of any fees to which the Plaintiff is entitled from the time of such collection to the
23 present."  TAC, ¶ 14.  This claim is not at issue in this motion.
24     The second cause of action for "constructive trust/unjust enrichment" is a new claim.
25 Plaintiff alleges as follows (language at issue in bold):
26     17.    The Defendant has received payments on its accounts that were previously in the
               possession of the Plaintiff and on which the Plaintiff had provided legal services
27             which directly resulted in the payments.  The Defendant thus has received
               revenues at various times presently unknown to the Plaintiff which rightfully and
28             by principles of equity are the property of the Plaintiff.  Plaintiff asks that the

> court impose a constructive trust adjudging and decreeing that such sums as would have been paid for the Plaintiff's services when the accounts were collected and which have been collected by the Defendant, are, in fact, the property of the Plaintiff. **Plaintiff also asks that the court further impose a constructive trust upon the earnings of such money which fairly represents the time value of the money from the time it was received to the present**.

> 18. The imposition of a constructive trust on funds wrongfully withheld from Plaintiff and on the earnings of such funds is necessary to prevent any unjust enrichment of the Defendant. **Plaintiff alleges that Defendant has received money rightfully belonging to the Plaintiff and has used this money for a time period or time periods so that the Defendant has had the benefit of interest on such money for its own advantage.** The court is requested to impose a constructive trust upon all such money as will deny the Defendant any unjust enrichment and will restore to the Plaintiff the sum to which he has been entitled by reason of the events which are the subject of this action and sufficient to restore to him all that he has lost as a result of Defendant's wrongful conduct.

In paragraph 4 of his prayer for relief, Plaintiff prays:

> 4. For a **constructive trust upon money which is the fair value of the time value of money (interest) and/or the prevention of unjust enrichment to the Defendant for possession of the time value of money which the court finds should have been paid to the Plaintiff but of which the Defendant has instead obtained a possession and not paid to Plaintiff**;

Defendant filed the instant motion to strike on January 4, 2007, and seeks to strike the allegations referring to prejudgment interest in paragraphs 17 and 18 of the second cause of action for constructive trust/unjust enrichment, and paragraph 4 of the prayer for relief. Defendant does not seek to strike Plaintiff's request for a constructive trust.

Plaintiff filed his opposition on February 23, 2007. Defendant filed its reply on March 2, 2007.

## DISCUSSION

Federal Rule of Civil Procedure 12 (f) provides:

> **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Defendant moves to strike the language above because the "time value" language refers to interest accruing upon the monies at issue and is therefore a disguised prayer for prejudgment interest. In an order dated January 20, 2005, the Court granted Defendant's motion to strike the

3

allegations for interest in the accounting and quantum meruit causes of action, agreeing with Defendant's contention that such interest is unavailable for unliquidated claims:

> "The court does not agree [with Plaintiff] with regard to the Third and Fourth causes of action. Case law holds that interest is not recoverable with respect to these causes of action. As discussed above, Reich's recovery is **limited to quantum meruit**." (Emphasis added).

The TAC realleges the claim for quantum meruit and adds an additional claim for "constructive trust/unjust enrichment" for which Plaintiff seeks prejudgment interest. However, a "constructive trust/unjust enrichment" is not a substantive right and therefore cannot support a claim for prejudgment interest. Davies v. Kransa, 14 Cal.3d 502, 515-516 (1975) ("Since 'a constructive trust is not a substantive device but merely a remedy to compel a person not justly entitled to property to transfer it to another who is entitled thereto,' an action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right.") (internal citations omitted); Communist Party v. 522 Valencia, Inc., 35 Cal.App.4th 980, 990 (1995) ("A constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner.").

In opposing the motion, Plaintiff attempts to divide his claims for relief into two separate legal claims: (1) delinquent accounts that were pending at the time the contract was terminated, i.e., accounts that were still in progress and had not been reduced to judgment; and (2) delinquent accounts for which all work had been completed and that had been reduced to judgment, and where receipt of funds was the only remaining "event." Plaintiff argues that a constructive trust should attach, based on a contractual theory, under the latter category.

The resolution of whether Plaintiff is entitled to interest turns on the legal theory upon which he is entitled to relief. If his rights flow from a contractual theory, the claim is liquidated and prejudgment interest may attach. On the other hand, if his rights flow from quantum meruit, the claim is unliquidated until the time of judgment and prejudgment interest is not available. Swafford v. Goodman, 115 Cal.App.2d 105, 110 (1952).

1    Despite Plaintiff's creative argument, the sole legal theory under which he is entitled to
2 relief is quantum meruit.  Although he attempts to base his rights, at least in part, upon the
3 contract between the parties, the contract only assists in determining a reasonable value for the
4 services rendered.  Unlike the traditional contingency fee agreement at issue in <u>Cazares v. Saenz</u>,
5 208 Cal.App.3d 279 (1989), cited by Plaintiff, the contract at issue here provides that if it is
6 terminated due to substantial breach, "REICH will not be entitled to any further fees due
7 thereunder." Exhibit A, attached to TAC.  Under the terms of the agreement, then, until the debt
8 was collected, the contingency had not occurred and Plaintiff was not entitled to payment.  It
9 does not determine the amount owed, but instructs the Court as to a reasonable value of the
10 services.  In this situation, then, a constructive trust is simply an alternate tool for enforcement of
11 Plaintiff's quantum meruit rights, rather than a separate legal claim for which Plaintiff is entitled
12 to relief.  As such, there is no right to prejudgment interest.

   Accordingly, Defendant's motion to strike is GRANTED.  The language regarding
prejudgment interest, identified above, is STRICKEN from paragraphs 17 and 18 of the second
cause of action for constructive trust/unjust enrichment, and from paragraph 4 of the prayer for
relief.

   IT IS SO ORDERED.

   Dated:   **March 21, 2007**            **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE