# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF REICH, individually and dba The Reich Law Firm, <br><br> Plaintiff, <br><br> v. <br><br> CALVERY INVESTMENTS, LLC, <br><br> Defendant. | 1:04cv05546 DLB <br><br> ORDER DENYING PLAINTIFF'S PETITION FOR SUBMISSION OF FURTHER EVIDENCE (Document 115) <br><br> ORDER DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT (Document 129) |

On March 31, 2009, Plaintiff Jeff Reich, individually and doing business as The Reich Law Firm ("Plaintiff"), filed a petition for submission of additional evidence. Pursuant to Local Rule 78-230(h), the Court deems the matter suitable for decision without oral argument.

## **BACKGROUND**

Plaintiff filed this action against Defendant Calvary Investments, LLC ("Defendant"), on April 8, 2004, to recover money he contends Defendant owes for services rendered. The action is proceeding on Plaintiff's Third Amended Complaint. A nine day bench trial, portions of which were held in December 2008, January 2009 and February 2009, concluded on February 27, 2009.

On February 27, 2009, the last day of trial, the Court granted Plaintiff 10 days within which to file his petition for submission of further evidence in the event a stipulation could not be reached.

1

On March 19, 2009, Plaintiff filed an ex parte application to shorten time with respect to his petition to submit additional evidence. The Court denied the application on March 30, 2009, explaining that both the application and underlying petition were untimely. The Court also found that Plaintiff failed to demonstrate good cause and/or excusable neglect for shortening time.

On March 31, 2009, Plaintiff filed the instant petition in which he seeks to admit additional evidence relating to the calculation of attorney's fees.

Defendant opposed the petition on April 14, 2009 and Plaintiff filed his reply on April 24, 2009.

On April 28, 2009, Defendant filed a motion to strike certain documents filed in support of Plaintiff's reply.

**DISCUSSION**

Plaintiff moves to introduce additional evidence pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides relief from a final judgment, order or proceeding on the basis of "mistake, inadvertence, surprise or excusable neglect."

Plaintiff's counsel, Steven Cornwell, explains that Shane Reich, his client's son, used a spreadsheet created by Defendant to prepare an accounting of the total attorney's fees and the principal and interest collected on the matters transferred to Mr. Winn. Mr. Cornwell states that he was not involved in the creation of the spreadsheet, which went through several revisions prior to trial. On December 1, 2008, the first day of trial, Defendant advised the Court that certain columns in the spreadsheet were not accurate and requested that the columns be redacted. The Court granted the request and redacted the columns. Shane Reich eventually testified about the work he performed and Exhibits 113 (fees that would have been earned in fully-paid non-escrow accounts) and 114 (fees for collection cases fully paid in escrows) were admitted.

Mr. Cornwell now argues that in the details of presenting evidence, "he did not appreciate the significance of the redaction of these columns nor did [he] realize that [his] client had utilized these columns in order to calculate the attorneys fees at issue in Exhibit 113." Declaration of Steven Cornwell, ¶ 7. Only at the conclusion of evidence, when Defendant objected to Exhibit 113 "in the last minutes of trial did this point become evident to me." Id.

By this motion, Plaintiff seeks to present Shane Reich's testimony regarding his recalculation of attorneys fees on the individual collection cases and the foundation for his calculations. He contends that this evidence is critical to Plaintiff's case and is necessary to perfect the record. Mr. Cornwell admits that it was "[his] mistake and/or [his] neglect that led to the failure to have Mr. Reich accomplish this further work before the conclusion of the proceedings on Friday, February 27, 2009. *Id.* at ¶ 11.

A. <u>Timeliness of Petition</u>

The Court has already determined that this petition is untimely and finds no reason to revisit the ruling. In the March 30, 2009, order denying Plaintiff's ex parte application to shorten time, the Court explained:

> First and most importantly, the Application and underlying Petition are untimely. On February 27, 2009, the last day of trial, the Court granted Plaintiff 10 days within which to file his Petition for Submission of Further Evidence in the event a stipulation could not be reached. Rather than file the Petition within that time frame, Plaintiff waited 20 days to file the instant Application and underlying Petition. Although Plaintiff submitted an informal letter to the Court on March 5, 2009, this letter was insufficient to be deemed a formal Petition and it did not act to extend the prior deadline.

Insofar as Plaintiff now suggests that it was not clear whether the 10 days ran from February 27, 2009, or from the time it became evident that a stipulation could not be reached, the Court finds no such confusion. Moreover, even if the 10 days began to run after a stipulation could not be reached, the Court previously found that Plaintiff had notice as early as March 4, 2009, that an informal resolution was not possible.

Under either interpretation, then, Plaintiff's petition is untimely.

B. <u>Merits of Request</u>

Plaintiff's petition also fails on the merits. Plaintiff suggests that his failure to recognize the importance of the redacted columns and present additional evidence constitutes excusable neglect under Rule 60(b). Plaintiff also seems to suggest that relief may be granted on the basis of newly discovered evidence.

Mr. Cornwell's failure to understand the importance of the issues does not fall into either category. "Even a liberal interpretation of 'excusable neglect' will not excuse every error or omission in the conduct of litigation." <u>U.S. for Use and Benefit of Familian Northwest, Inc. v.</u>

RG & B Contractors, 21 F.3d 952, 956 (9th Cir. 1994). Here, the columns at issue were redacted in December, on the record and with a full explanation. That Mr. Cornwell did not grasp the significance until the last day of trial in February does not constitute excusable neglect, nor does it render his newfound understanding "newly discovered evidence."

For the above reasons, the Court DENIES Plaintiff's petition to submit further evidence.

IT IS SO ORDERED.

Dated: May 19, 2009  /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE